MILLER SHAH LLP
James C. Shah
Natalie Finkelman Bennett
2 Hudson Place, Suite 100
Hoboken, NJ 07030
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
jcshah@millershah.com
nfinkelman@millershah.com

*Additional Counsel on Signature Page*

*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARRY PORTER, JR., individually and behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | No.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Garry Porter, Jr. ("Plaintiff"), individually and behalf of all others similarly situated, brings this action against Defendant, BMW of North America LLC ("BMW" or "Defendant"). Plaintiff alleges the following based on information and belief, the investigation of counsel, and personal knowledge.

1

## I. INTRODUCTION

1. Plaintiff brings this action individually and on behalf of a proposed nationwide class (more fully defined below) for the benefit and protection of purchasers and lessees of Defendant's model year 2021 BMW 430i and 430i xDrive vehicles ("Vehicle(s)"). As alleged herein, Defendant deceptively markets and advertises the Vehicles as having LED Headlights with Cornering Lights ("Cornering Lights") when, in fact, they do not. This causes a significant safety issue, as customers are led to believe that their Vehicles have safety features that will assist them with driving around dark corners, and may rely on those non-existent features, to their detriment.

2. At all relevant times, Defendant has deceptively marketed, advertised, and sold the Vehicles as having Cornering Lights, when, in fact, the Vehicles do not have such lighting systems.

3. Plaintiff brings this action on behalf of himself and all other similarly-situated consumers to stop Defendant's false and misleading advertising relating to the sale and lease of the Vehicles and to obtain redress for those who have purchased or leased the Vehicles across the United States. Plaintiff alleges violations of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §56:8-1, *et seq*. ("CFA").

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C.

§ 1332(d)(2)(A) because the claims relating to the matter in controversy exceed $5 million, exclusive of interest and costs; the proposed class has at least 100 members; and this is a class action in which certain of the class members (including Plaintiff) and Defendant are citizens of different states.

5. Venue is proper in this judicial District under 28 U.S.C. § 1391 because Defendant is a resident of this judicial District, does business throughout this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in or emanated from this District.

6. This Court has personal jurisdiction over the parties because Defendant is headquartered in this state, conducts substantial business in this state, has systematic and continuous contacts with this state, and has agents and representatives that can be found in this state.

7. At all pertinent times, Defendant was engaged in the marketing, advertisement, and sale/lease of the Vehicles, which are the subject of this lawsuit, in this District and throughout the United States.

### III. PARTIES

8. Plaintiff is, and, at all times relevant to this action has been, a resident of Boynton Beach, Florida, and, thus, is a citizen of Florida.

9. Defendant is one of the world's largest and best-known manufacturers of luxury vehicles. According to its 2017 annual report, in 2017 it sold 352,790

vehicles in North America alone, and did $120 billion in revenue worldwide.

10. BMW is a Delaware corporation with its principal place of business and North American headquarters located in Woodcliff Lake, New Jersey.

11. BMW is responsible for the design, manufacture, promotion, marketing, advertising, import, and sale of the Vehicles. BMW also maintains corporate offices and a training center in Montvale, New Jersey, a parts distribution center in Mount Olive, New Jersey, and a Vehicle Preparation Center in Port Jersey, New Jersey. BMW is a citizen of Delaware and New Jersey.

### IV. SUBSTANTIVE ALLEGATIONS

12. This is an action brought against Defendant on behalf of Plaintiff and all persons who purchased or leased a Vehicle in the United States of America.

13. The 430i is a coupe that is offered as a hard top and convertible and was introduced into the North American market in 2016.

14. Defendant deceptively markets and advertises the Vehicles as having Cornering Lights.

15. Every Vehicle's Monroney Sticker, *i.e.*, window sticker, specifically states that its features include "Cornering Lights" as a standard feature. *See* Exhibit A. The Cornering Lights are listed as a feature under the "Safety and Security" section of the Monroney Sticker.

16. According to BMW, a Cornering Light serves as "an extra source of brightness around dark curves. They are activated when the front wheels are turned, increasing visibility around corners and illuminating otherwise hidden objects like curbs or street signs."[1]

17. As it is responsible for U.S. operations, including the design, manufacture, testing, marketing, distribution and warranting of BMW vehicles, BMW knew or should have known that the Vehicles it sold/leased did not contain the Cornering Lights prior to sale.

**Plaintiff's Experience**

18. On or about December 30, 2020, Plaintiff purchased a model year 2021 BMW 430i from BMW of Delray Beach in Delray Beach, Florida, an authorized agent of Defendant.

19. Safety features were very important to Plaintiff.

20. Indeed, Plaintiff purchased his Vehicle because of all of the safety features listed on the Vehicle's Monroney Sticker, which he reviewed prior to purchase and which stated that the Vehicle he would purchase had the Cornering Lights. *See* Exhibit A.

---

[1] *See* https://www.bmwrepairguide.com/bmw-e90-cornering-light-replacement/#:~:text=The%20cornering%20lights%20on%20BMW,like%20curbs%20or%20street%20signs.

21. In January 2021, however, Plaintiff received a letter from BMW, informing him that his Vehicle did not, contrary to the Monroney Sticker, have the Cornering Lights. *See* Exhibit B.

22. Instead, BMW informed Plaintiff that his Vehicle only had LED Headlights, and not Cornering Lights. In other words, his Vehicle, contrary to BMW's representations at the time of purchase, will not provide the promised brightness around dark curves. *See* Exhibit B.

23. Plaintiff contacted BMW client relations on or about April 9, 2021 about his concerns with the Vehicle and the Cornering Lights, but BMW refused to provide any assistance to him.

24. Plaintiff's experience is similar to that of other class members who contacted BMW about the Cornering Lights, to no avail.

25. Plaintiff and other members of the Class would have paid less for the Vehicle or not purchased or leased the Vehicle had they known that BMW's representations were false.

**New Jersey's Substantive Law Applies To The Proposed Class**

26. New Jersey's substantive laws apply to the proposed class, as defined herein.

27. New Jersey's substantive laws may be constitutionally applied to the claims of Plaintiff and the class under the Due Process Clause, 14th Amend., § 1,

and the Full Faith and Credit Clause, art. IV., § 1, of the U.S. Constitution. New Jersey has significant contact, or significant aggregation of contacts, to the claims asserted by Plaintiff and all class members, thereby creating state interests that ensure that the choice of New Jersey state law is not arbitrary or unfair.

28. Defendant's United States headquarters and principal place of business are located in New Jersey. Defendant also owns property and conducts substantial business in New Jersey and, therefore, New Jersey has an interest in regulating Defendant's conduct under its laws. Defendant's decision to reside in New Jersey and avail itself of New Jersey's laws renders the application of New Jersey law to the claims herein constitutionally permissible.

29. A substantial number of members of the class also reside in New Jersey and bought or leased Vehicles in New Jersey.

30. Defendant's alleged misconduct emanated from New Jersey.

31. Defendant's conduct similarly injured and affected Plaintiff and class members. For instance, Defendant's marketing efforts relating to the Vehicles, as well as its warranty decisions, were undertaken and orchestrated from its headquarters in New Jersey.

32. The application of New Jersey's laws to the class also is appropriate under New Jersey's choice-of-law rules because New Jersey has significant contacts

to the claims of Plaintiff and the class, and New Jersey has a greater interest in applying its laws here than in any other interested state.

## V. CLASS ACTION ALLEGATIONS

33. This action is brought, and may be properly maintained, as a class action under Rule 23 of the Federal Rules of Civil Procedure. All requisite elements of Fed. R. Civ. P. 23(a) and 23 (b)(3) are satisfied; there is a well-defined community of interests in the litigation; the proposed class is ascertainable; and a single class action is the superior manner to proceed when compared to the joinder of hundreds of thousands of plaintiffs or tens of thousands of individual cases challenging the same practices.

34. Plaintiff brings this class action on behalf of himself, and under the provisions of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, as a class action on behalf of the following National Class (the "Class"):

> All persons or entities in the United States and its Territories who own or lease one or more of the Vehicles which do not have the Cornering Lights that are provided on its Monroney Sticker.

35. The Class Period for the Class dates back to the longest applicable statute of limitations for any claims asserted on behalf of that Class from the date this action was commenced, and continues through the present and to the date of judgment.

36. Excluded from the Class is Defendant, its current employees, co-conspirators, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies; the undersigned counsel for Plaintiff; and the Judge and Court staff to whom this case is assigned. Plaintiff reserves the right to amend the definition of the Class if discovery or further investigation reveals that they should be expanded or otherwise modified.

37. This action satisfies the predominance, commonality, typicality, numerosity, superiority, adequacy, and all other requirements of Rule 23 of the Federal Rules of Civil Procedure.

- <u>Numerosity</u>: The members of the Class are so numerous that joinder of all members is impracticable. The precise number of members is unknown at this time, but Defendant has sold/leased more than 5,000 Vehicles. The precise number of Class members can be ascertained by reviewing Defendant's records.

- <u>Commonality and Predominance</u>: Common question of law and fact exist as to all members of the Class, and predominate over any questions that affect only individual members of the Class. Plaintiff's claims and the claims of the proposed Class members all derive from a common nucleus of operative facts. That is, irrespective of the individual circumstances of any proposed Class member, liability in

this matter will rise and fall with core issues related to Defendant's conduct. Common legal and factual questions include, but are not limited to, the following:

(1) whether Defendant's marketing, advertising and promotion of the Vehicles was false and misleading;

(2) whether Defendant concealed facts from Plaintiff and members of the Class about the lack of Cornering Lights safety features of their Vehicles;

(3) whether Defendant knew, or should have known, that its representations were false, or that its representations omitted material information;

(4) Whether Defendant's conduct violated the CFA;

(5) Whether Plaintiff and the Class were harmed and suffered damages, including suffering ascertainable loss, as a result of Defendant's conduct and, if so, the appropriate amount thereof; and

(6) Whether, as a result of Defendant's misconduct, Plaintiff and the Class are entitled to equitable relief and, if so, the nature of such relief.

- <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all Class members were subjected to Defendant's common business practices, described above, and assert common legal claims that are typical of those of the Class. Plaintiff and members of the Class have sustained damages arising out of Defendant's wrongful and deceptive conduct as alleged herein.

    Resolution of the common issues presented in Plaintiff's case will resolve them in a common and typical manner for other members of the Class.

- <u>Adequacy</u>: Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in complex class action litigation; and Plaintiff intends to prosecute this action vigorously and in the best interests of the Class. The interests of the Class will be fairly and adequately protected by Plaintiff and counsel.

- <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is economically infeasible and procedurally impracticable.  Furthermore, the expense and burden of individual litigation makes it difficult or impossible for members of the Class to individually redress the wrongs done to them.  Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation presents the potential for inconsistent or contradictory judgments.  There will be no difficulty in the management of this class

action, and a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

38. A class should also be certified under Fed. R. Civ. P. 23(b)(2). Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class.

39. In the alternative, this Class may be certified under Fed. R. Civ. P. 23(c)(4) with respect to particular issues.

## VI.   CLAIMS FOR RELIEF

### COUNT I
### Violations of New Jersey Consumer Fraud Act ("CFA")
### N.J.S.A. § 56:8-1, *et seq*.

40. Plaintiff realleges and incorporates each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

41. The CFA was enacted and designed to protect consumers against unfair, deceptive and fraudulent business practices. N.J. Stat. Ann. §56:8-1, *et seq*.

42. N.J. Stat. Ann. §56:8-2 provides:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with

      the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

43. Plaintiff, other members of the Class, and BMW are "persons" within the meaning of the CFA.

44. The Vehicles manufactured and sold by BMW are "merchandise" within the meaning of the CFA, and Plaintiff and other members of the Class are "consumers" within the meaning of the CFA and, thus, are entitled to the statutory remedies made available in the CFA.

45. BMW, through its advertisements and public statements regarding the Vehicles' safety, manufacturing quality, and warranties noted above, used unconscionable commercial practices, deception, fraud, concealment, false promises, and misrepresentations, in violation of the CFA, in connection with the marketing and sale of the Vehicles.

46. Defendant's acts and practices as described herein have deceived and/or are likely to deceive members of the Class and the public.  As detailed in this Complaint, Defendant misrepresented that the Vehicles have Cornering Lights when, in fact, they do not, in direct contradiction to the Monroney Sticker that is attached to every Vehicle prior to purchase or lease.

47. By its actions, Defendant has and continues to disseminate uniform false advertising concerning the Vehicles, which advertisements, by their nature, are unfair, deceptive, untrue, or misleading. Such advertisements are likely to deceive, and continue to deceive, the consuming public for the reasons detailed above.

48. The above-described false, misleading, and deceptive conduct Defendant disseminates continues to have the likelihood to deceive in that BMW has failed to disclose the true and actual nature of the Vehicles. Upon information and belief, Defendant has failed to initiate a public information campaign to alert consumers of the Vehicles' actual features, which continues to create a misleading perception of the Vehicles and their advertised safety features.

49. In making and disseminating the statements alleged herein, Defendant knew or should have known its advertisements and representations, including those on the Vehicles' Monroney Sticker, were untrue and misleading.

50. Plaintiff and the Class members based their decisions to purchase or lease the Vehicles, in substantial part, on Defendant's misrepresentations regarding the true nature of the Vehicle's safety features included with the Vehicle for the price paid. The revenues to Defendant attributable to the Vehicles sold or leased using those false and misleading advertisements amount to substantial monies paid for the Vehicles. As a result, Plaintiff and the Class were injured in fact and lost money as a result.

51. The representations regarding the Vehicles were material to Plaintiff and members of the Class. Defendant intended for Plaintiff and Class members to rely on its false and misleading representations, and Plaintiff and Class members consequently did rely on those misrepresentations.

52. The misrepresentations and non-disclosures by Defendant of the material facts detailed herein constitute false and misleading and, therefore, are violations of the CFA.

53. These acts and omissions directly and proximately caused Plaintiff and other members of the Class to suffer an ascertainable loss in the form of, *inter alia*, money spent purchasing/leasing the Vehicles that they thought had a standard safety feature which was not actually part of the Vehicle's features that were paid for as part of the sale price, together with appropriate penalties, including treble damages, attorneys' fees, and costs of suit.

54. The CFA is, by its terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under separate statutory schemes.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the Class, respectfully requests that the Court:

a. Certify the Class pursuant to Fed. R. Civ. P. 23 and appoint Plaintiff and his counsel to represent the Class pursuant to Fed. R. Civ. P. 23(g);

b. Award Plaintiff and the Class monetary damages as allowable by law;

c. Award Plaintiff and the Class pre-judgment and post-judgment interest as allowable by law;

d. Award Plaintiff and the Class reasonable attorneys' fees and costs as allowable by law;

e. Award Plaintiff and the Class all appropriate equitable relief; and

f. Award Plaintiff and the Class all such further relief as allowable by law and equity.

## JURY TRIAL DEMANDED

Plaintiff, on behalf of himself and the Class, demands a trial by jury on all issues so triable.

Dated:  May 17, 2021                    MILLER SHAH LLP

/s/ *James C. Shah*
JAMES C. SHAH
NATALIE FINKELMAN BENNETT
2 Hudson Place, Suite 100
Hoboken, NJ  07030
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
         nfinkelman@millershah.com